# United States Cast Iron Pipe & Foundry Co. *v.* Bragg.

## *Assumpsit.*

(Decided June 18, 1908. 47 South. 66.)

1. *Insurance; Pleading; Issue and Proof.*—A declaration made upon a policy or contract of insurance by an employer against accidents happening to employe, is not supported by proof of the existence of a fund out of which an employe who happens to an accident is to receive half wages for the time while not at work on account of his injuries.

2. *Money Had and Received; Action; Jury Question.*—Where the evidence is in conflict as to whether or not the entire amount due had been paid the question is properly submitted to the determination of the jury.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Bob Bragg against the United States Cast Iron Pipe & Foundry Company on an alleged contract of insurance. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The complaint was as follows: Count 2. Plaintiff claims of defendant the sum of $200 due on a policy or contract of insurance whereby the defendant on to-wit, Jan. 1st, 1907, insured the plaintiff against accidents as an employe at the defendant's foundry or pipe shop near Bessemer, Jefferson conty, Alabama; dues on which policy the plaintiff has fully paid to the defendant, and plaintiff avers that to-wit, the 7th day of January, he received temporary or permanent injuries while an employe in the defendants foundry or shop and while engaged in the discharge of his duties under such employment, on the said date aforesaid of which accident the defendant has had notice. The 1st count was for money had and received. The evidence tended to show that the defendant company had what is known as in insur-

ance fund, out of which the employes are paid half time when they are injured so that they cannot work; that each employe pays into this fund 25 cents each month, and when an employe is injured he receives half time. The plaintiff testifying for himself, said that he had no contract or no insurance policy but that he paid in his money every month, and that Mr. Wright told him that they would pay him half time if he got hurt, and just as long as he was unable to work. The doctors testify as to his injuries and that they discharged him on the 15th day of May and certified to the company that he was cured of his injury. It was shown that he earned $1.75 per day, and that the company paid him 87 cents per day from the time of his injury until the 15th day of May, when the doctors certified that he was cured.

ESTES, JONES & WELCH, for appellant. The court should have given the affirmative charge for appellant on the second count as there was a variance between the allegation and the proof.—*Hudson v. Scott,* 125 Ala. 172; *Scarborough v. Blackmon,* 108 Ala. 656; 27 Cyc. 880-4. The plaintiff could not recover under the first count of the complaint because the company had no money belonging to him or had received no money which was due him.—*Lankford v. Lee,* 119 Ala. 248; *Steiner v. Clisby,* 103 Ala. 190; see also 124 Ala. 151; 65 Ala. 213; 79 Ala. 293; 89 Ala. 619; 29 Ala. 332. The claim must also be for a sum certain or determinate amount.—*Vincent v. Rodgers,* 30 Ala. 471; 27 Cyc. 854.

PINKNEY SCOTT, for appellee. No brief came to the Reporter.

TYSON, C. J.—The complaint as originally filed contained three counts. The third was eliminated by the sustaining of the demurrer interposed to it. The trial was then had, upon issue joined on the other two and

the plea of payment. The first of these was the common count for money had and received, while the other counted on a recovery for money due upon a policy or contract of insurance, whereby defendant insured plaintiff against accidents while employed at defendant's foundry or pipe shop, etc. The affirmative charge was requested by and refused to defendant as to each of these counts.

The testimony established without dispute that plaintiff was injured while at work as an employe of defendant, and that a benefit fund was provided and kept by defendant, out of which the plaintiff was entitled to receive one-half the wages he was earning at the time of his injury, during the continuation of his disability, which was to be determined by his attending physician and certified to the company. This fund was raised by contributions by the employes and the company. The testimony on behalf of defendant tended to show that plaintiff had been paid all that he was entitled to receive out of the fund under the physician's certificate, while that of plaintiff tended to show that he received all that was due him under the certificate except $10.

It is entirely clear from the evidence that the physician's certificate as to the period of time during which the plaintiff was entitled to receive half wages was conclusive upon him and the defendant, and also that the defendant did not contract to insure the plaintiff against accident, as alleged in the second count of his complaint. The affirmative charge, requested by defendant, with respect to a recovery by plaintiff on that count, should have been given. Under the first count, it was a question for the jury to determine whether plaintiff was entitled to recover the $10, the payment of which was in dispute.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.